## Barns T. Smock *v.* Furman Throckmorton.

### CERTIORARI.

A recovery in an action of debt before a justice of the peace is not a bar to a subsequent action of debt, by the same plaintiff against the same defendant, for a demand arising prior to said recovery : unless it appear that the *cause* of action is the same.

2. Where the defendant pleads the general issue and also a plea in bar, and the justice renders judgment in favor of the plaintiff, and the Common Pleas reverse that judgment, and sustain the plea in bar; a reversal of the judgment of the Common Pleas by this Court does not revive the judgment of the justice.

*Wall*, for plaintiff in certiorari, *Wood*, for defendant.

EWING, C. J. Delivered the opinion of the Court.

Smock sued Throckmorton before a justice of the peace of Monmouth county on the 13th February 1823 in an action of debt, and demanded in his state of demand one hundred, dollars for a bay horse named Blossom, delivered to the defendant on the 26th March 1821. Throckmorton pleaded in writing that he owed the plaintiff nothing—and also that Smock on the 2d day of February 1822 obtained a judgment against him in an action of debt for the sum of five dollars and twenty cents of debt and two dollars and sixty nine cents of costs before one of the justices of the peace of the said county. The justice deemed the matter set up in the second plea to be no bar to the action, and the jury by whom the cause was tried having found a verdict for Smock for one hundred dollars, judgment was thereon rendered. Throckmorton appealed. On the hearing of the appeal in July term 1824, the court overruled a motion to nonsuit the plaintiff for insufficiency of the state of demand and gave him leave to amend it by the insertion of the words "sold and" previous to the word "delivered." Throckmorton the defendant then produced the record of the recovery mentioned in his plea and insisted on it as a bar;—And the Court "being of opinion that the said recovery being in an action of debt is a bar to recovery in another action of debt for a demand arising prior to the said recovery" rendered judgment for the defendant. The case being brought here by certiorari, error in this opinion of the Court is assigned as the ground for reversal.

Upon this principles of the common law and according to the doctrines and practice of the Courts in Westminster Hall and of this Court, a judgment to form a bar to the prosecution of a subsequent suit must be for the same cause of action. Judgment in an action of the same style and nature, and in which the demand might have been but was not included, is not sufficient. The plea of former recovery to debt on bond contains an express averment that the bond specified in the record of the recovery and the bond on which the subsequent action is brought are one and the same. *Pitt* v. *Knight,* 1 *Saund.* 86. The plea in assumpsit *avers* the promises and undertakings in both cases to be the very same. 2 *Chitty plead.* 438. *Lord Coke* tells us, *Co. Lit.* 13, 8, that the observation of writs, indictments, process, judgments and other entries doth conduce much to the understanding of the right reason of the law. The case of *Seddon* and *others* v. *Tutop,* 6 *D.* and *E.* 607, is expressly in point. It was there held that the existence prior to the first action of the demand for which the second action was brought was no obstacle to it:—and the plaintiff having a demand on a promissory note and another for goods sold and delivered, having brought an action and declared on the note and for goods sold and delivered, but having produced proof of the note only and taken judgment for that, was permitted to recover in a subsequent action for the goods sold and delivered.

It remains to be enquired whether our acts constituting and regulating the courts for the trial of small causes have introduced a new and different rule. And it may at the threshold be justly remarked that if the Legislature had so intended they would have expressed themselves in unambiguous terms and not left their meaning to be inferred from equivocal expressions or from any supposed policy.

But let us examine the grounds on which this new rule is sustained.

It is said the term "balance" in the first section of the act constituting these courts shews that all causes of action which may be joined together are to be blended in the same suit. "Every suit of a civil nature at law where the debt, balance or other matter in dispute does not exceed the sum or value of one hundred dollars shall be cognizable before any justice of the peace." But this conclusion is manifestly erroneous. The Legislature designed to give full jurisdiction to the amount of one hundred dollars, and foreseeing that many cases would occur where mutual demands or accounts subsisting, these on the one side and the other might far exceed $100 when the balance might be far less, and intending in such cases to give this tribunal jurisdiction, they declared, to remove all doubt, that whatever might be the amount on either side, if the balance did not exceed $100 the suit should be cognizable before a justice of the peace. The same principle produced *the 44th section Rev. Laws* 641.

The 51st section directs certain suits to be brought in the style of actions of debt. It is abundantly certain, however, that the object of this provision was merely to prescribe the style of action, to simplify the forms of that court and to render their proceedings less liable to reversal for technical errors.

The preclusion of a defendant entitled to a set off and failing to claim it from a future recovery affords no ground to sustain this new rule, for a similar preclusion is provided by the statute which regulates the proceedings of this court on the subject of set off. *Rev. Laws* 307 *section* 11.

It was insisted at the bar that unless this rule prevails a creditor on book account may bring as many actions as there are items in his account. But this consequence does not follow. A book account as we have always been accustomed to consider it and especially where there being items of both debit and credit, the balance is the real debt, is a single connected cause of action.

It was contended that the policy of the system supports the rule, and that a creditor ought not to be permitted to sever his causes of action and thereby harass his debtor with a multiplicity of suits. But every one acquainted with the history of the justices' courts knows that the course of policy has long been to throw as many suits as practicable into them :—And in respect to multiplicity of suits, if they be litigated, no such danger is to be apprehended. A party, rather than divide, would combine his causes of action to entitle himself to an higher tribunal. And if not litigated, the costs, the only means of vexation, of five or six suits before a Justice, and few plaintiffs would have at once more causes of action, would not amount to the costs of one suit in this court.

The case of *Cahart* v. *Miller*, 2 *South*, 573 does not rule this point. Two of the Judges seem to have differed in opinion—the one expressing himself in clear and positive terms—the other with hesitation, " though it would appear." But the decision of the cause was made on another ground.

There is then no support for the opinion of the Court of Common Pleas. It is erroneous—and the judgment should be reversed.

What farther should be done ? On the one hand it was contended that the judgment of the Common Pleas ought nevertheless to be affirmed, because the verdict was entered in figures and the state of demand defective. But this cannot be, because, if true, the Common Pleas ought not to have rendered against the plaintiff a conclusive judgment, but one which would have left open to him the prosecution of his rights in another suit. On the other hand it was said we ought to affirm the judgment of the justice. Nor ought this to be—for if the Court of Common Pleas had overruled instead of sustaining the defendant, on the plea of *former judgment,* he might peradventure have made a just defence against the plaintiff's demand under the plea of *nil debet*—from this defence then we ought not to preclude him.

I am clearly of opinion we ought to reverse the judgment of the Common Pleas and no more—thereby leaving the matter entirely open, and permitting the plaintiff anew to prosecute for his alleged cause of action.